IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MAXINE JONES                                                                                           PLAINTIFF

v.                                         CIVIL NO. 08-6016

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                 DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Maxine Jones brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current application for SSI on June 9, 2004, alleging an inability to work due to a learning disorder and dysthymia. (Tr. 237-240). An administrative hearing was held on March 9, 2006, at which plaintiff appeared with counsel. (Tr. 413-424).

By written decision dated September 16, 2006, the ALJ found that during the relevant time period plaintiff had an impairment or combination of impairments that were severe. (Tr. 19). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing

of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 20). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform work where interpersonal contact is incidental to work performed, e.g. assembly work; complexity of tasks is learned and performed by rote with few variables and little judgment; and where the supervision required is simple, direct and concrete. (Tr. 20). With the help of a vocational expert, the ALJ determined plaintiff could perform other work as a housekeeper, a cafeteria attendant and a kitchen worker. (Tr. 23).

Plaintiff then requested a review of the hearing by the Appeals Council. After reviewing the additional evidence submitted, the Appeals Council denied review on January 18, 2008. (Tr. 7-10). Subsequently, plaintiff filed this action. (Doc.1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 9,10).

## II.     Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other

words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

AO72A
(Rev. 8/82)

**III.     Discussions:**

Of particular concern to the undersigned is the ALJ's failure to adequately discuss plaintiff's allegation that she is unable to read and write above the first grade level. In the September 16, 2006, hearing decision, the only reference to plaintiff's ability to read is a notation in a counselor note indicating plaintiff reported she was scared by what she read in the paper. (Tr. 21). A review of that October 26, 2005, medical record indicates that the examiner also noted plaintiff could only read at the first grade level. (Tr. 359-360). The evidence showing plaintiff is functionally illiterate can also be found in both treating and examining medical professionals notes, plaintiff's testimony at this administrative hearing, as well as, a hearing for a previous application for benefits, the testimony of plaintiff's sister at a hearing for a previous application for benefits, and the finding of the ALJ in a previous application for benefits. (Tr. 144, 154, 085, 210, 278, 330, 334, 390-391, 394-395, 401-402). In May of 2006, Dr. Michael Inman noted he presented a passage to plaintiff to read and that she was unable to perform this task.[1] (Tr. 377-383).

Plaintiff's alleged inability to read and write above the first grade level is particularly troubling in this case because the ALJ determined at step five of the sequential evaluation process that plaintiff was not disabled because she could perform other jobs in the national economy. Specifically, the ALJ, with the help of a vocational expert, determined plaintiff could perform other work as a housekeeper, a cafeteria attendant and a kitchen worker. A review of the Dictionary of Occupational of Titles reveals that each of these jobs requires the ability to

---

[1] We note we consider this evidence, as it was submitted to the Appeals Council and the Appeals Council considered it before denying review. (Tr. 7-10). *See Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).

AO72A
(Rev. 8/82)

recognize the meaning of 2,500 (two- or three-syllable) words, read at rate of 95-120 words per minute and compare similarities and differences between words and between series of numbers. *See* DICTIONARY OF OCCUPATIONAL TITLES, §§§ 323.687-014, 311.677-010 and 318.687-010 at www.westlaw.com. We would also point out that when specifically questioned, the vocational expert was not able to testify that a person with a first grade level of reading could perform work as a housekeeper. (Tr. 423).

We believe remand necessary so that the ALJ can more fully and fairly develop the record regarding plaintiff's literacy. Should further testing be required, tests such as the Wechsler Individual Achievement Test (WIAT), the Wide Range Achievement Test 3 (WRAT3), or the Woodcock-Johnson Psychoeducational Battery– Revised: Tests of Achievement (WJ-R ACH), are designed to measure people's ability to, among other things, read and write. *Wilcutts v. Apfel*, 143 F.3d 1134, 1137 (8th Cir. 1998) (citations omitted).

We also strongly recommend the ALJ review the IQ and Evaluation of Adaptive Functioning completed by Dr. Michael P. Inman on May 27, 2006, and clearly articulate the weight given to Dr. Inman's findings.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

Should the vocational expert determine plaintiff is able to perform work in the national economy, we remind the ALJ of the affirmative responsibility to ask about any possible conflict between that vocational expert's evidence and the information provided in the Dictionary of Occupational Titles. *Renfrow v. Astrue* 496 F.3d 918, 920 -921 (8th Cir. 2007)(citations omitted).

**IV.     Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 26th day of February 2009.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)